

**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

*Joseph F. Weis, Jr. U.S. Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania 15219*                    *412/644-3500*

February 24, 2026

Samir Sarna, Esquire
Worgul, Sarna & Ness, Criminal Defense Attorneys, LLC
429 Fourth Avenue, Suite 1700
Pittsburgh, PA 15219

Re:    United States of America v.
       Joseph Garrett Buckland
       Criminal No. 26-40

Dear Mr. Sarna:

This letter sets forth the agreement by which your client, Joseph Garrett Buckland, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Joseph Garrett Buckland and the United States Attorney for the Western District of Pennsylvania and the Environmental Crimes Section of the Environment and Natural Resources Division of the United States Department of Justice (collectively the "Government"). The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Joseph Garrett Buckland will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

      A.     The defendant, Joseph Garrett Buckland, agrees to the following:

          1.     The defendant will waive prosecution by indictment and enter a plea of guilty to Count One of the Information (a draft copy of which is attached as Exhibit A) at Criminal No. 26-40, charging the defendant with violating

**LIMITED OFFICIAL
USE**

18 U.S.C. § 371, pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

2. The defendant hereby agrees that all of the electronic devices, including all computers, computer media, and computer peripherals seized from the defendant, and currently in the custody and/or control of the Government, were properly seized by law enforcement. The defendant agrees that such items were subject to lawful seizure, and that no defense exists to the seizure of that property. As such, the defendant hereby relinquishes all claim, title, and interest the defendant has in the above-stated property to the United States of America and agrees not to seek return of the property pursuant to Rule 41 of the Federal Rules of Criminal Procedure or any other legal authority.

3. If the Court imposes a fine or restitution as part of a sentence of incarceration, Joseph Garrett Buckland agrees to participate in the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which 50% of the defendant's prison salary will be applied to pay the fine or restitution.

4. At the time Joseph Garrett Buckland enters the defendant's plea of guilty, the defendant will deposit a special assessment of $100 in the form of cash, check, or money order payable to "Clerk, U.S. District Court." In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

5. Joseph Garrett Buckland waives any former jeopardy or double jeopardy claims the defendant may have in or as a result of any related civil or administrative actions.

6. Joseph Garrett Buckland waives the right to take a direct appeal from the defendant's conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

   (a) If the United States appeals from the sentence, Joseph Garrett Buckland may take a direct appeal from the sentence.

   (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Joseph Garrett Buckland may take a direct appeal from the sentence.

   Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking the defendant's conviction or sentence and the

right to file any other collateral proceeding attacking the defendant's conviction or sentence.

Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the Government retains its right to oppose any such claim on procedural or substantive grounds.

7. In the event the judgment of conviction and sentence entered as a result of this plea agreement does not remain in full force and effect for any reason, the Government may reinstate any charges dismissed or reduced pursuant to this plea agreement. In the event of reinstatement, the defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the Government agrees to the following:

1. The Government retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Joseph Garrett Buckland in the offense charged in the Information and of any other matters relevant to the imposition of a fair and just sentence, including victim impact.

2. The Government agrees to recommend a two-level downward adjustment for acceptance of responsibility and, pursuant to U.S.S.G. § 3E1.1(b), to move for an additional one-level adjustment. However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1 or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and/or motion.

3. The Government will take any position it deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C. Joseph Garrett Buckland and the Government further understand and agree to the following:

1. The penalty that may be imposed upon Joseph Garrett Buckland at Count One is:

   (a) A term of imprisonment of not more than 5 years;

   (b) A fine of not more than $250,000;

(c) A term of supervised release of not more than 3 years; and

(d) A special assessment under 18 U.S.C. § 3013 of $100.

2. The parties stipulate that under Section § 2G3.1(a) of the United States Sentencing Guidelines, Joseph Garrett Buckland's base offense level is 10, and that it should be raised by 2 levels under § 2G3.1(b)(1)(F) (Knowingly Distributed), 2 levels under § 2G3.1(b)(2) (Use of Computer/Internet), and 4 levels under §2G3.1(b)(3) (Depictions of Violence).

3. The parties also stipulate that Joseph Garret Buckland's offense level should be raised by 4 levels under § 3B1.1 (Leader/Organizer) and, as noted above, decreased by 3 levels under § 3E1.1 (Acceptance of Responsibility).

4. As such, the parties stipulate that Joseph Garrett Buckland's total offense level is 19.

5. The parties agree that the willful failure to pay any fine imposed by the Court may be treated as a breach of this plea agreement. Joseph Garrett Buckland acknowledges that the willful failure to pay any fine may subject the defendant to additional criminal and civil penalties under 18 U.S.C. § 3611 et seq.

6. This agreement does not preclude the Government from pursuing any civil or administrative remedies against Joseph Garrett Buckland or the defendant's property.

7. If, at any time after this plea agreement is signed and prior to sentencing, the defendant (i) commits any additional federal, state, or local offense; or (ii) breaches any term of this plea agreement, the United States may at its discretion be released from its obligations under this agreement and the defendant's guilty plea, if already entered, will stand. In that event, the United States will be entitled to seek a sentence other than agreed-upon, reinstate previously dismissed or reduced charges and/or pursue additional charges against the defendant. The defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

Any alleged breach of this plea agreement shall be determined by agreement of the parties or by the Court. A breach of this plea agreement shall be established by a preponderance of the evidence.

8. Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement. The sealed Supplement to this plea letter is part of the agreement between the parties hereto.

This letter sets forth the full and complete terms and conditions of the agreement between Joseph Garrett Buckland and the Government, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

TROY RIVETTI
United States Attorney
Western District of Pennsylvania

NICOLE VASQUEZ SCHMITT
Assistant United States Attorney

ADAM R.F. GUSTAFSON
Principal Deputy Asst. Attorney General
Environment and Natural Resources Division
United States Department of Justice

EMILY R. STONE
Trial Attorney

I have received this letter from my attorney, Samir Sarna, Esquire, have read it and discussed it with him, and I understand the terms of the Agreement. I hereby voluntarily accept it and acknowledge that it fully sets forth my agreement with the Government. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

_____
JOSEPH GARRETT BUCKLAND

_____
4-1-26
Date

Witnessed by:

_____
SAMIR SARNA, ESQUIRE
Counsel for Joseph Garrett Buckland